IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT SMITH, #789293,
    Plaintiff,

vs.                                    Case No.: 3:12cv377/LAC/EMT

OFFICER S.S. THOMAS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). He subsequently filed an amended complaint on the court-approved complaint form (doc. 10). Leave to proceed in forma pauperis has been granted (doc. 13).

        Plaintiff names three Defendants in this action, all of whom are employed at Santa Rosa Correctional Institution ("SRCI"), Officer S.S. Thomas, Officer Wheeler, and Senior Nurse Practitioner Hawkins (doc. 10 at 1, 2). Plaintiff claims that Defendants used excessive force in violation of his Eighth Amendment rights, filed a false disciplinary report in violation of his due process rights, engaged in a conspiracy to deprive him of his constitutional rights, and committed several torts under Florida law (*id.* at 6–36).[1] Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

        Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 10 at 3–6). Question B of Section IV asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

involved in this action?" (*id.* at 3). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). He then disclosed the instant case.

Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (doc. 10 at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). Plaintiff then disclosed Smith v. Alexander, et al., Case No. 1:07cv23207-AJ, filed in the United States District Court for the Southern District of Florida (*id.*). Plaintiff states he raised claims of excessive force and assault and battery, and the case is "still in court" (*id.*).

Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (doc. 10 at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). Plaintiff then disclosed Smith v. Green, et al., filed in the United States District Court for the Southern District of Florida, Miami Division (*id.*). Plaintiff states he does not know the case number (*id.*). He states, "N/A" as the approximate filing date and dismissal date, and "it [sic] not dismissed—needs $350.00" as the reason for dismissal (*id.*).

Plaintiff also states, "Plaintiff knows that there's federal cases that have been filed but is unsure of 'their' (RE: several fed. civ. cases) amount or 'info.' because I don't have all my property." (doc. 10 at 5). At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 18).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the

prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, July 31, 2012 (*see* doc. 1 at 1), he had previously filed Smith v. Mandez, et al., Case No. 1:12cv21285/UU in the United States District Court for the Southern District of Florida.[2] Plaintiff was incarcerated at the time he filed Case No. 1:12cv21285/UU. Further, the action related to the conditions of his confinement.[3] The case was dismissed on May 10, 2012, prior to service pursuant to § 1915(g), because Plaintiff was deemed a "three striker"and failed to pay the $350.00 filing fee upon filing his complaint. *See* Smith v. Mandez, et al., Case No. 1:12cv21285/UU, Order (S.D. Fla. May 10, 2012). Plaintiff did not list Case No. 1:12cv21285/UU in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to either of those questions.[4] Additionally, Plaintiff's statement that he was unsure of the information regarding several other federal civil cases because he did not have all of his property does not excuse his failure to disclose Case No. 1:12cv21285/UU on the complaint form. The docket of Case No. 1:12cv21285/UU (at docket entry 19) reflects that on June 10, 2012,

---

[2] The inmate number of the plaintiff in Case No. 1:12cv21285/UU matches Plaintiff's. That case was filed on April 2, 2012. *See* Smith v. Mandez, et al., Case No. 1:12cv21285/UU, Complaint (S.D. Fla. Apr. 3, 2012).

[3] In his complaint, Plaintiff sued the warden and several correctional officers employed at the South Florida Reception Center (a facility operated by the Florida Department of Corrections ("DOC")) and a representative of the Secretary of the DOC, alleging they violated his federal constitutional rights by issuing false disciplinary reports, finding him guilty of the disciplinary infractions, and placing him on a more restrictive custody status. *See* Smith v. Mandez, et al., Case No. 1:12cv21285/UU, Complaint (S.D. Fla. Apr. 3, 2012).

[4] The court notes that Smith v. Green, et al., a Southern District case which Plaintiff disclosed, was also dismissed pursuant to § 1915(g), *see* Smith v. Green, et al., Case No. 1:11cv22247-KMM, Order (S.D. Fla. July 26, 2011).

Case No.: 3:12cv377/LAC/EMT

Plaintiff filed a "Notice to the Courts" from SRCI stating he had been in transit and had not received any orders issued in the case.[5] The docket further reflects that in response to Plaintiff's "Notice," the clerk of court sent Plaintiff a copy of the docket sheet for Case No. 1:12cv21285/UU on June 18, 2012.[6] According to the allegations of the instant complaint, Plaintiff's property was confiscated and not returned on June 7, 2012, <u>before</u> the clerk sent him the docket sheet, and Plaintiff filed the instant amended complaint on October 16, 2012, well <u>after</u> the docket sheet was sent.[7] Therefore, Plaintiff's alleged lack of access to his property does not excuse his failure to disclose Case No. 1:12cv21285/UU on the complaint form.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. His false responses suggest he was deliberately attempting to hide his litigation history. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the instant action may result from his untruthful answers.[8] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

---

[5] A copy of Plaintiff's "Notice to the Court" is attached to this Report and Recommendation.

[6] A copy of the docket sheet is attached.

[7] As previously noted, Plaintiff filed the original complaint in this case on July 31, 2012 (which, incidentally, was also well after the docket sheet was sent to him), but he did file it on the court-approved form and did not respond to questions or otherwise provide any information regarding his prior litigation history (*see* doc. 1).

[8] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 10 at 3) (emphasis and capitalization in original).

Case No.: 3:12cv377/LAC/EMT

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[9] Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 28th day of November 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[9] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file this matter if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No.: 3:12cv377/LAC/EMT